JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINC ACQUISITION ONE, LLC,

                              Plaintiff,

-vs-

JOSEPH BIANCO, CRAIG ELLINS,
MANUEL FERNANDEZ and BRUCE
RABEN,

                              Defendants.

Civil Action No.:

# DOC #

### CIVIL ACTION

**COMPLAINT, JURY DEMAND AND
CERTIFICATION PURSUANT TO
L.CIV.R. 3C**

LINC Acquisition One, LLC, by its attorneys, Lum, Danzis, Drasco & Positan, LLC, for

its Complaint against the defendants, alleges as follows:

## JURISDICTION AND VENUE

1.      This action is civil in nature involving, exclusive of interest and costs, a sum in

excess of $100,000.00.  Every issue of law and fact herein is wholly between citizens of different

states and the district court has jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity

jurisdiction).

2.      This action is brought in the Southern District of New York pursuant to the

parties' submission to jurisdiction and waiver of objections as set forth in the Guarantees at issue.

Specifically, the Guarantees upon which this action is based, provide that:

> Guarantor hereby irrevocably consents to the jurisdiction of the
> courts of the State of New York in New York County and of the
> United States District Court for the Southern District of New York
> in any action against the Guarantor in connection with this
> Guarantee.

(A true copy of the Guarantees are annexed hereto as **EXHIBIT "A"**)

## PARTIES

3.      LINC Acquisition One, LLC, (hereinafter "LINC" or "Plaintiff") is and was at all times relevant hereto an entity existing under the laws of the State of Delaware, with its principal place of business at 3300 South Parker Road, Suite 500, Aurora, Colorado.

4.      Defendant, Joseph Bianco (hereinafter "Bianco"), upon information and belief, is an individual residing in the State of New York with an address at 644 Broadway, New York, New York 10012.

5.      Defendant, Craig Ellins (hereinafter "Ellins"), upon information and belief, is an individual residing in the State of Nevada with an address at 3035 East Patrick Lane, Las Vegas, Nevada 89120.

6.      Defendant, Manuel Fernandez (hereinafter "Fernandez"), upon information and belief, is an individual residing in the District of Columbia with an address at 650 Water Street, S.W., Washington, D.C. 20024.

7.      Defendant Bruce Raben ("Raben"), upon information and belief, is an individual residing in the State of California with an address at 1999 Avenue of the Stars, #2340, Los Angeles, California, 90067.



## FIRST CAUSE OF ACTION

9.      On October 17, 2000, Hellonetwork.com, Inc., a Nevada corporation, entered into a Credit Agreement with Connecticut Bank of Commerce ("CBC"), whereby CBC agreed to extend credit to Hellonetwork.com in the form of "Term Loans" and "Equipment Loans" up to $2,000,000.00.

10.     On the same date, Hellonetwork.com, Inc. executed a Promissory Note (hereinafter "the Note") in the principal amount of $2,000,000.00 with interest at the rate of 1.75% over prime. (A true copy of the Commercial Promissory Note is attached hereto as **Exhibit "B"**).

11.     The Note, which was executed in favor of and to be paid to the order of CBC, was subsequently acquired by the Federal Deposit Insurance Corporation (hereinafter "FDIC") as the receiver of CBC, and thereafter acquired from the FDIC by LINC through purchase at auction. Such assignment is indicated by the stamp of the FDIC affixed to the Note. See **Exhibit "B"**.

12.     On October 17, 2000 Bianco executed a Guarantee in favor of CBC.

13.     Pursuant to paragraph "1" of the Guarantee, Bianco's obligation is as obligor and not merely surety.

14.     In addition, pursuant to paragraph "2" of the Guarantee, Bianco guaranteed all other monetary obligations, including fees and costs, otherwise payable to CBC under the Note up to $250,000.00.

15.     On October 17, 2000 Ellins executed a Guarantee in favor of CBC.

16.     Pursuant to paragraph "1" of the Guarantee, Ellins' obligation is as obligor and not merely surety.

17. In addition, pursuant to paragraph "2" of the Guarantee, Ellins guaranteed all other monetary obligations, including fees and costs, otherwise payable to CBC under the Note up to $250,000.00.

18. On October 17, 2000 Fernandez executed a Guarantee in favor of CBC.

19. Pursuant to paragraph "1" of the Guarantee, Fernandez' obligation is as obligor and not merely surety.

20. In addition, pursuant to paragraph "2" of the Guarantee, Fernandez guaranteed all other monetary obligations, including fees and costs, otherwise payable to CBC under the Note up to $250,000.00.

21. On October 17, 2000 Raben executed a Guarantee in favor of CBC.

22. Pursuant to paragraph "1" of the Guarantee, Raben's obligation is as obligor and not merely surety.

23. In addition, pursuant to paragraph "2" of the Guarantee, Raben guaranteed all other monetary obligations, including fees and costs, otherwise payable to CBC under the Note up to $250,000.00.

24. Thereafter, on December 11, 2000, Hellonetwork entered into a Debt Subordination Agreement with Circle T Partners, L.P. whereby Circle T would extend credit to Hellonetwork from time to time on a "secured subordinated basis." In other words, the monies advanced by Circle T to Hellonetwork would be classified as "junior debt", the collection of which would be subordinate to any monies owed by Hellonetwork to CBC.

25. Pursuant to the Debt Subordination Agreement, Circle T assigned all of its rights to CBC and granted CBC an interest in the "junior debt."

26.     Subsequently, on April 12, 2001, Hellonetwork entered into a second Debt Subordination Agreement and Collateral Assignment of Intellectual Property with Circle T. The terms of the April Agreement, regarding CBC's entitlement to payment prior to payment of debt owed to Circle T, are identical to the aforesaid Agreement of December 11, 2000.

27.     CBC extended credit to Hellonetwork.com, Inc. in the amount of $2,000,000.00.

28.     The principal remaining on the Note is in the amount of $2,000,000.00 in addition to interest, costs, late charges, additions and attorneys fees.

29.     The Note remains unpaid and, pursuant to the terms of Note, as a consequence, the entire principal, interest, late charges and additions (including without limitation attorney and appraisers fees) are now due as provided in the Notes.

30.     Pursuant to their respective Guarantees, defendants, Bianc, Ellins, Fernandez and Raben are liable to plaintiff for $250,000.00 each.

30.     Despite demand for payment, defendants, Bianco, Ellins, Fernandez and Raben have refused to pay the principal and interest due on the Note.

31.     Affording Bianco, Ellins, Fernandez and Raben credits, set offs and recoupments to which they may be entitled, there is due and owing the sum of $2,000,000.00 on the Notes plus interest, attorneys fees, costs and late charges.

**WHEREFORE**, LINC Acquisition One, LLC demands judgment for compensatory damages against each of Joseph Bianco, Craig Ellins, Manuel Fernandez and Bruce Raben, in the amount of $250,000.00 plus consequential damages, interest, late charges, additions, attorney's fees, costs such other and further relief as provided under the Credit Agreement and Guarantee and as the Court may deem equitable and just.

## SECOND CAUSE OF ACTION

32.    Plaintiff repeats and realleges each and every allegation contained in the First Cause of Action of the Complaint as if same were set forth at length herein.

33.    Defendants, Bianco, Ellins, Fernandez and Raben have breached their respective Guarantees by failing to pay all amounts due and owing.

34.    There is due and owing from Defendants the principal amount of $2,000,000.00 plus interest, but the Defendants have failed to pay same.

WHEREFORE, LINC Acquisition One, LLC demands judgment for compensatory damages against each of Joseph Bianco, Craig Ellins, Manuel Fernandez and Bruce Raben, in the amount of $250,000.00 plus consequential damages, interest, late charges, additions, attorney's fees, costs such other and further relief as provided under the Credit Agreement and Guarantee and as the Court may deem equitable and just.

## THIRD CAUSE OF ACTION

35.    Plaintiff repeats and realleges each and every allegation contained in the First and Second Causes of Action of the Complaint as if same were set forth at length herein.

36.    Despite executing the Guarantee Agreement and agreeing to do so, Bianco refuses to pay amounts due and owing under the Note.

37.    By virtue of such action, Bianco is in breach of the terms of the Guarantee Agreement.

WHEREFORE, LINC Acquisition One, LLC demands judgment for compensatory damages against each of Joseph Bianco, Craig Ellins, Manuel Fernandez and Bruce Raben, in the amount of $250,000.00 plus consequential damages, interest, late charges, additions, attorney's

fees, costs such other and further relief as provided under the Credit Agreement and Guarantee and as the Court may deem equitable and just.

## FOURTH CAUSE OF ACTION

38. Plaintiff repeats and realleges each and every allegation contained in the First, Second and Third Causes of Action as if same were set forth at length here.

39. Despite executing the Guarantee Agreement and agreeing to do so, Ellins refuses to pay amounts due and owing under the Note.

40. By virtue of such action, Ellins is in breach of the terms of the Guarantee Agreements.

**WHEREFORE**, LINC Acquisition One, LLC demands judgment for compensatory damages against each of Joseph Bianco, Craig Ellins, Manuel Fernandez and Bruce Raben, in the amount of $250,000.00 plus consequential damages, interest, late charges, additions, attorney's fees, costs such other and further relief as provided under the Credit Agreement and Guarantee and as the Court may deem equitable and just.

## FIFTH CAUSE OF ACTION

41. Plaintiff repeats and realleges all the allegations contained in the First, Second, Third and Fourth Causes of Action as if same were set forth at length herein.

42. Despite executing the Guarantee Agreement and agreeing to do so, Fernandez refuses to pay amounts due and owing under the Note.

43. By virtue of such action, Fernandez is in breach of the terms of the Guarantee Agreements.

**WHEREFORE**, LINC Acquisition One, LLC demands judgment for compensatory damages against each of Joseph Bianco, Craig Ellins, Manuel Fernandez and Bruce Raben, in the

amount of $250,000.00 plus consequential damages, interest, late charges, additions, attorney's fees, costs such other and further relief as provided under the Credit Agreement and Guarantee and as the Court may deem equitable and just.

**SIXTH CAUSE OF ACTION**

44.    Plaintiff repeats and realleges all the allegations contained in the First, Second, Third Fourth and Fifth Causes of Action as if same were set forth at length herein.

45.    Despite executing the Guarantee Agreement and agreeing to do so, Raben refuses to pay amounts due and owing under the Note.

46.    By virtue of such action, Raben is in breach of the terms of the Guarantee Agreements.

**WHEREFORE**, LINC Acquisition One, LLC demands judgment for compensatory damages against each of Joseph Bianco, Craig Ellins, Manuel Fernandez and Bruce Raben, in the amount of $250,000.00 plus consequential damages, interest, late charges, additions, attorney's fees, costs such other and further relief as provided under the Credit Agreement and Guarantee and as the Court may deem equitable and just.

LUM, DANZIS, DRASCO & POSITAN, LLC
Attorneys for Plaintiff LINC Acquisition One, LLC

By _____
DENNIS J. DRASCO
A Member of the Firm

DATED:  June   , 2004

**CERTIFICATION PURSUANT TO RULE 3C OF APPENDIX C OF THE
GENERAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE
EASTERN AND SOUTHERN DISTRICTS OF NEW YORK**

DENNIS J. DRASCO, of full age, hereby certifies:

1.    I am an attorney at law of the State of New York and am a member of the law
firm of Lum, Danzis, Drasco & Positan, LLC, 325 Broadway, New York, New
York 10007, attorneys for plaintiff, LINC Acquisition One, LLC, and make this
Certification on behalf of plaintiff.

2.    Pursuant to Rule 3C of Appendix C of the General Rules of the United States
District Court for the Eastern and Southern Districts of New York, I hereby
certify that the damages as claimed by the plaintiff in the Complaint are in excess
of.

3.    Accordingly, pursuant to the aforesaid Rule 3C, the within action is not subject to
arbitration under that rule.

4.    I hereby certify that the foregoing statements made by me are true.  I am aware
that if any of the foregoing statements are willfully false, I am subject to
punishment.

LUM, DANZIS, DRASCO & POSITAN, LLC
Attorneys for Plaintiff LINC Acquisition One, LLC

By_____
    DENNIS J. DRASCO
    A Member of the Firm

DATED:    June   , 2004

Exhibit A

# CONNECTICUT BANK OF COMMERCE

Guarantee
Dated October 17, 2000

MEANINGS OF CERTAIN TERMS
In this Guarantee

- "Guarantor" means JOSEPH BIANCO, an individual.
- "CBC" means Connecticut Bank of Commerce and its successors and assigns.
- "Customer" is the individual or entity designated as such below.
- "Obligation(s)" means and includes loans, overdrafts and any and every other kind of debt or liability, including any that exist now and those which arise after this Guarantee is signed, and any interest due on or fees with respect to such debts and liabilities, including, without limitation, any and all obligations of Customer to CBC under that certain Credit Agreement dated of even date herewith between CBC and the Customer and any and all obligations of Customer to CBC evidenced by that certain Promissory Note thereunder dated of even date herewith made by Customer to the order of CBC in the original principal amount of $2,000,000 (the "Note"), together with any and all amendments thereto and as such loans, overdrafts, debts and liabilities may be sold, assigned or transferred by CBC. It also includes costs, expenses and attorneys' fees incurred by CBC in connection with any Obligation.

1.  GUARANTOR'S AGREEMENT - To induce CBC to lend money or otherwise extend credit to the Customer, the Guarantor irrevocably and unconditionally guarantees payment of every and any of the Customer's Obligations to CBC when they are due. No invalidity, irregularity or unenforceability of all or any part of the Obligations or of any security therefor shall affect, impair or be a defense to this Guarantee. This Guarantee shall be construed as a continuing, absolute and unconditional guarantee of payment without regard to the validity, regularity or enforceability of the Note or any related instrument or document or any of the other Obligations or any collateral security therefor or guarantee thereof, including, without limitation, this Guarantee, or rights of offset with respect thereto and without regard to, and the Guarantor hereby waives, any defense (including, without limitation, any defense based on suretyship), offset or counterclaim which may at any time be available to or be asserted by the Customer or the Guarantor against CBC, in bankruptcy or in any other instance. The Guarantor has not relied on any representation from CBC in deciding to execute and deliver this Guarantee and there is nothing unknown to the Guarantor which would alter the Guarantor's decision to execute and deliver this Guarantee.

2.  AMOUNT OF GUARANTOR'S LIABILITY - Guarantor's liability is for the total amount of all Customer's Obligations to CBC, plus all costs and expenses (including reasonable attorneys' fees) of enforcement of CBC's rights and remedies hereunder and of collection, provided, however, that in no event shall Guarantor be obligated to pay in excess of $250,000.

3.  CUSTOMER - The Customer whose Obligations are guaranteed is:

    Name of Customer:          helloNetwork.com, Inc.

    Address of Customer:       3035 East Patrick Lane, Las Vegas, Nevada 89120

4.  PERIOD OF GUARANTEE - If, at any time, all or part of any payment of the Obligations made by Customer or the undersigned is rescinded or otherwise must be returned by CBC for any reason whatsoever (including, but not limited to, the insolvency, bankruptcy or reorganization of Customer), this Guarantee shall remain in full force and effect, or shall be reinstated, as the case may be, as to the Obligations which were satisfied by the payment to be rescinded or returned, all as though such payment had not been made.

41042-1

5.  ENFORCEMENT - This is a guarantee of payment and not of collection.  If the Customer fails to pay any Obligations to CBC when due, CBC may take action against the Guarantor without first taking action against the Customer or any other guarantor or other collateral for the Customer's Obligations.  CBC shall not lose any rights it has against the Guarantor and this Guarantee shall remain in full force and effect even if CBC (i) partially or fully releases the Customer or another Guarantor, or any other collateral for the Customer's Obligations (ii) delays or waives enforcement of any of the Obligations or of this Guarantee, (iii) modifies, amends, changes the manner, terms of, extends the time of payment of, renews or alters any of the Obligations, or if any agreement between the Customer and CBC is found to be invalid or unenforceable.  No failure on the part of CBC to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.  The remedies provided herein are cumulative and not exclusive of any other remedies whether provided by agreement or by law.

6.  COLLATERAL-CBC'S RIGHTS AND OBLIGATIONS - If the Customer or the Guarantor gives CBC a security interest in collateral, Guarantor agrees that: (a) CBC may, but need not, perfect its security interest in any or all of the collateral; (b) CBC may release any security interest in any such collateral; (c) CBC may release and return to the Customer any collateral given by the Customer, and (d) CBC may take or refrain from taking any action permitted by law or by agreement with respect to the collateral, including its sale.  In such event, this Guarantee will remain effective and the Guarantor shall remain responsible under this Guarantee to the same extent as if any of the above-enumerated circumstances did not occur.

7.  NOTICES - All notices and other communications pursuant to this Guarantee shall be in writing and by letter (delivered by hand or sent by certified or registered mail, return receipt requested, or by a reputable overnight courier service), addressed to the parties at the addresses set forth herein to such other address as the parties may, from time to time, furnish to each other in writing. Any notice or communication hereunder shall be deemed to have been given on the day delivered by hand or overnight courier to such party or, if sent by mail, on the third business day after the day deposited in the mail, postage prepaid, addressed as aforesaid.

8.  WAIVER OF RIGHT TO NOTICE - The Guarantor waives the right to receive notice:
.of the failure of the Customer to meet any Obligation of the Customer to CBC when due;
.of any default by the Customer under any agreement between the Customer and CBC;
.of the breach by the Customer of any covenant, promise or warranty made by the Customer to CBC;
.of the dishonor of any instrument which evidences an Obligation of the Customer to CBC;
.of protest regarding any dishonor of any instrument payable by the Customer;
.that CBC has extended the time for the payment of any Obligations of the Customer to CBC; and
.of new Obligations of the Customer to CBC as and when they arise, or renewal by CBC of any existing Obligations.

9.  CREDIT REPORTS - The Guarantor agrees that CBC may request and obtain credit reports on Guarantor from any consumer reporting agency at any time while this Guarantee is in effect.  If the Guarantor requests it, CBC will advise the Guarantor whether or not such a report has been obtained and, if so, the name and address of any agency that furnished any report.

10.  AMENDMENTS - This Guarantee constitutes the entire agreement between CBC and Guarantor, and cannot be amended or limited except in a writing signed by an officer of CBC.

2

11.   WAIVER OF JURY TRIAL - If a legal action is commenced relating to a dispute under this Guarantee or if CBC seeks to enforce this Guarantee by legal action, Guarantor agrees that the matter will be heard before and determined by a judge and not a jury.

12.   GOVERNING LAW - This Guarantee shall be governed by and construed in accordance with the laws of the State of New York applicable to agreements entered into therein.

13.   CONSENT TO JURISDICTION - Guarantor hereby irrevocably consents to the jurisdiction of the courts of the State of New York in New York County and of the United States District Court for the Southern District of New York in any action against the Guarantor in connection with this Guarantee.

14.   WAIVER OF SUBROGATION - Until the Obligations have been paid in full, Guarantor hereby irrevocably waives (1) any right of subrogation Guarantor has or may have as against Customer with respect to the Obligations, (2) any right to proceed against Customer, now or hereafter, for contribution, indemnity, reimbursement, and any other suretyship rights and claims, whether direct or indirect, liquidated or contingent, whether arising under express or implied contract, or operation of law, which Guarantor may now have or hereafter have as against the Customer with respect to the Obligations, (3) any rights to recourse to or with respect to the Obligations and (4) any rights to recourse to or with respect to any asset of Customer.

15.   CONSENT TO SALE, TRANSFER OR ASSIGNMENT - Guarantor hereby irrevocably consents to the sale, transfer or assignment of any or all of the Obligations which CBC may elect to make in the future and agrees to waive any defense which may otherwise be available to Guarantor based on such sale, transfer or assignment.

16.   ASSIGNABILITY; BINDING EFFECT - This Guarantee shall be binding upon the Guarantor and the Guarantor's heirs, legal representatives and assigns and shall inure to the benefit of CBC and its successors and assigns; provided, however, that the Guarantor shall not be entitled to assign or delegate any rights or obligations under this Guarantee without the prior written consent of CBC, and any purported assignment in the absence of such consent shall be void.

Signature of Guarantor          Joseph Bianco
                                Name of Guarantor

Address of Guarantor:   644 Broadway, NY NY 1001~

3

STATE OF _NEW YORK_      )
                          ) SS.:
COUNTY OF _New York_     )

On the _17ᵗ_ day of _October_, _2000_, before me personally came _JOSEPH BIANCO_ to me known to be the individual described in, and who executed, the foregoing instrument, before me, and he/she acknowledged to me that he/she executed same.

_Marietta K. Bottero_
Notary Public

MARIETTA K. BOTTERO
**Notary** Public, State of New York
No. 31-4644432
**Qualified** in New York County
**Commission** Expires November 30, _2001_

4

# CONNECTICUT BANK OF COMMERCE

Guarantee
Dated October 17, 2000

MEANINGS OF CERTAIN TERMS
In this Guarantee

- "Guarantor" means MANUEL FERNANDEZ, an individual.
- "CBC" means Connecticut Bank of Commerce and its successors and assigns.
- "Customer" is the individual or entity designated as such below.
- "Obligation(s)" means and includes loans, overdrafts and any and every other kind of debt or liability, including any that exist now and those which arise after this Guarantee is signed, and any interest due on or fees with respect to such debts and liabilities, including, without limitation, any and all obligations of Customer to CBC under that certain Credit Agreement dated of even date herewith between CBC and the Customer and any and all obligations of Customer to CBC evidenced by that certain Promissory Note thereunder dated of even date herewith made by Customer to the order of CBC in the original principal amount of $2,000,000 (the "Note"), together with any and all amendments thereto and as such loans, overdrafts, debts and liabilities may be sold, assigned or transferred by CBC. It also includes costs, expenses and attorneys' fees incurred by CBC in connection with any Obligation.

1.  GUARANTOR'S AGREEMENT - To induce CBC to lend money or otherwise extend credit to the Customer, the Guarantor irrevocably and unconditionally guarantees payment of every and any of the Customer's Obligations to CBC when they are due. No invalidity, irregularity or unenforceability of all or any part of the Obligations or of any security therefor shall affect, impair or be a defense to this Guarantee. This Guarantee shall be construed as a continuing, absolute and unconditional guarantee of payment without regard to the validity, regularity or enforceability of the Note or any related instrument or document or any of the other Obligations or any collateral security therefor or guarantee thereof, including, without limitation, this Guarantee, or rights of offset with respect thereto and without regard to, and the Guarantor hereby waives, any defense (including, without limitation, any defense based on suretyship), offset or counterclaim which may at any time be available to or be asserted by the Customer or the Guarantor against CBC, in bankruptcy or in any other instance. The Guarantor has not relied on any representation from CBC in deciding to execute and deliver this Guarantee and there is nothing unknown to the Guarantor which would alter the Guarantor's decision to execute and deliver this Guarantee.

2.  AMOUNT OF GUARANTOR'S LIABILITY - Guarantor's liability is for the total amount of all Customer's Obligations to CBC, plus all costs and expenses (including reasonable attorneys' fees) of enforcement of CBC's rights and remedies hereunder and of collection, provided, however, that in no event shall Guarantor be obligated to pay in excess of $250,000.

3.  CUSTOMER - The Customer whose Obligations are guaranteed is:

    Name of Customer:     helloNetwork.com, Inc.

    Address of Customer:   3035 East Patrick Lane, Las Vegas, Nevada 89120

4.  PERIOD OF GUARANTEE - If, at any time, all or part of any payment of the Obligations made by Customer or the undersigned is rescinded or otherwise must be returned by CBC for any reason whatsoever (including, but not limited to, the insolvency, bankruptcy or reorganization of Customer), this Guarantee shall remain in full force and effect, or shall be reinstated, as the case may be, as to the Obligations which were satisfied by the payment to be rescinded or returned, all as though such payment had not been made.

41045-1

5.  ENFORCEMENT - This is a guarantee of payment and not of collection. If the Customer fails to pay any Obligations to CBC when due, CBC may take action against the Guarantor without first taking action against the Customer or any other guarantor or other collateral for the Customer's Obligations. CBC shall not lose any rights it has against the Customer and this Guarantee shall remain in full force and effect even if CBC (i) partially or fully releases the Customer or another guarantor, or any other collateral for the Customer's Obligations (ii) delays or waives enforcement of any of the Obligations or of this Guarantee, (iii) modifies, amends, changes the manner, terms of, extends the time of payment of, renews or alters any of the Obligations, or if any agreement between the Customer and CBC is found to be invalid or unenforceable. No failure on the part of CBC to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right. The remedies provided herein are cumulative and not exclusive of any other remedies whether provided by agreement or by law.

6.  COLLATERAL-CBC'S RIGHTS AND OBLIGATIONS - If the Customer or the Guarantor gives CBC a security interest in collateral, Guarantor agrees that: (a) CBC may, but need not, perfect its security interest in any or all of the collateral; (b) CBC may release any security interest in any such collateral; (c) CBC may release and return to the Customer any collateral given by the Customer, and (d) CBC may take or refrain from taking any action permitted by law or by agreement with respect to the collateral, including its sale. In such event, this Guarantee will remain effective and the Guarantor shall remain responsible under this Guarantee to the same extent as if any of the above-enumerated circumstances did not occur.

7.  NOTICES - All notices and other communications pursuant to this Guarantee shall be in writing and by letter (delivered by hand or sent by certified or registered mail, return receipt requested, or by a reputable overnight courier service), addressed to the parties at the addresses set forth herein to such other address as the parties may, from time to time, furnish to each other in writing. Any notice or communication hereunder shall be deemed to have been given on the day delivered by hand or overnight courier to such party or, if sent by mail, on the third business day after the day deposited in the mail, postage prepaid, addressed as aforesaid.

8.  WAIVER OF RIGHT TO NOTICE - The Guarantor waives the right to receive notice:
    .of the failure of the Customer to meet any Obligation of the Customer to CBC when due;
    .of any default by the Customer under any agreement between the Customer and CBC;
    .of the breach by the Customer of any covenant, promise or warranty made by the Customer to CBC;
    .of the dishonor of any instrument which evidences an Obligation of the Customer to CBC;
    .of protest regarding any dishonor of any instrument payable by the Customer;
    .that CBC has extended the time for the payment of any Obligations of the Customer to CBC; and
    .of new Obligations of the Customer to CBC as and when they arise, or renewal by CBC of any existing Obligations.

9.  CREDIT REPORTS - The Guarantor agrees that CBC may request and obtain credit reports on Guarantor from any consumer reporting agency at any time while this Guarantee is in effect. If the Guarantor requests it, CBC will advise the Guarantor whether or not such a report has been obtained and, if so, the name and address of any agency that furnished any report.

10. AMENDMENTS - This Guarantee constitutes the entire agreement between CBC and Guarantor, and cannot be amended or limited except in a writing signed by an officer of CBC.

11. WAIVER OF JURY TRIAL - If a legal action is commenced relating to a dispute under this Guarantee or if CBC seeks to enforce this Guarantee by legal action, Guarantor agrees that the matter will be heard before and determined by a judge and not a jury.

12. GOVERNING LAW - This Guarantee shall be governed by and construed in accordance with the laws of the State of New York applicable to agreements entered into therein.

13. CONSENT TO JURISDICTION - Guarantor hereby irrevocably consents to the jurisdiction of the courts of the State of New York in New York County and of the United States District Court for the Southern District of New York in any action against the Guarantor in connection with this Guarantee.

14. WAIVER OF SUBROGATION - Until the Obligations have been paid in full, Guarantor hereby irrevocably waives (1) any right of subrogation Guarantor has or may have as against Customer with respect to the Obligations, (2) any right to proceed against Customer, now or hereafter, for contribution, indemnity, reimbursement, and any other suretyship rights and claims, whether direct or indirect, liquidated or contingent, whether arising under express or implied contract, or operation of law, which Guarantor may now have or hereafter have as against the Customer with respect to the Obligations, (3) any rights to recourse to or with respect to the Obligations and (4) any rights to recourse to or with respect to any asset of Customer.

15. CONSENT TO SALE, TRANSFER OR ASSIGNMENT - Guarantor hereby irrevocably consents to the sale, transfer or assignment of any or all of the Obligations which CBC may elect to make in the future and agrees to waive any defense which may otherwise be available to Guarantor based on such sale, transfer or assignment.

16. ASSIGNABILITY; BINDING EFFECT - This Guarantee shall be binding upon the Guarantor and the Guarantor's heirs, legal representatives and assigns and shall inure to the benefit of CBC and its successors and assigns; provided, however, that the Guarantor shall not be entitled to assign or delegate any rights or obligations under this Guarantee without the prior written consent of CBC, and any purported assignment in the absence of such consent shall be void.

_Manuel V. Fernandez_
Signature of Guarantor

Manuel Fernandez
Name of Guarantor

Address of Guarantor: 650-Water pt. S.W.
Wash. D.C. 20024

3

STATE OF _____ )
                          )  SS.:  {Washington District of Columbia
COUNTY OF _____ )

On the _17th_ day of _October, 2000_, before me personally came _Manuel V. Fernandez_ to me known to be the individual described in, and who executed, the foregoing instrument, before me, and he/she acknowledged to me that he/she executed same.

_____
Notary Public

_Jacqueline Celes_
_Notary Public_
_District of Columbia_

MY COMMISSION EXPIRES....
SEPTEMBER 1, 2001

4

# CONNECTICUT BANK OF COMMERCE

Guarantee
Dated October 17, 2000

MEANINGS OF CERTAIN TERMS
In this Guarantee

- "Guarantor" means BRUCE RABEN, an individual.
- "CBC" means Connecticut Bank of Commerce and its successors and assigns.
- "Customer" is the individual or entity designated as such below.
- "Obligation(s)" means and includes loans, overdrafts and any and every other kind of debt or liability, including any that exist now and those which arise after this Guarantee is signed, and any interest due on or fees with respect to such debts and liabilities, including, without limitation, any and all obligations of Customer to CBC under that certain Credit Agreement dated of even date herewith between CBC and the Customer and any and all obligations of Customer to CBC evidenced by that certain Promissory Note thereunder dated of even date herewith made by Customer to the order of CBC in the original principal amount of $2,000,000 (the "Note"), together with any and all amendments thereto and as such loans, overdrafts, debts and liabilities may be sold, assigned or transferred by CBC. It also includes costs, expenses and attorneys' fees incurred by CBC in connection with any Obligation.

1.  GUARANTOR'S AGREEMENT - To induce CBC to lend money or otherwise extend credit to the Customer, the Guarantor irrevocably and unconditionally guarantees payment of every and any of the Customer's Obligations to CBC when they are due. No invalidity, irregularity or unenforceability of all or any part of the Obligations or of any security therefor shall affect, impair or be a defense to this Guarantee. This Guarantee shall be construed as a continuing, absolute and unconditional guarantee of payment without regard to the validity, regularity or enforceability of the Note or any related instrument or document or any of the other Obligations or any collateral security therefor or guarantee thereof, including, without limitation, this Guarantee, or rights of offset with respect thereto and without regard to, and the Guarantor hereby waives, any defense (including, without limitation, any defense based on suretyship), offset or counterclaim which may at any time be available to or be asserted by the Customer or the Guarantor against CBC, in bankruptcy or in any other instance. The Guarantor has not relied on any representation from CBC in deciding to execute and deliver this Guarantee and there is nothing unknown to the Guarantor which would alter the Guarantor's decision to execute and deliver this Guarantee.

2.  AMOUNT OF GUARANTOR'S LIABILITY - Guarantor's liability is for the total amount of all Customer's Obligations to CBC, plus all costs and expenses (including reasonable attorneys' fees) of enforcement of CBC's rights and remedies hereunder and of collection, provided, however, that in no event shall Guarantor be obligated to pay in excess of $250,000.

3.  CUSTOMER - The Customer whose Obligations are guaranteed is:

    Name of Customer:        helloNetwork.com, Inc.

    Address of Customer:     3035 East Patrick Lane, Las Vegas, Nevada 89120

4.  PERIOD OF GUARANTEE - If, at any time, all or part of any payment of the Obligations made by Customer or the undersigned is rescinded or otherwise must be returned by CBC for any reason whatsoever (including, but not limited to, the insolvency, bankruptcy or reorganization of Customer), this Guarantee shall remain in full force and effect, or shall be reinstated, as the case may be, as to the Obligations which were satisfied by the payment to be rescinded or returned, all as though such payment had not been made.

41047-1

5.   ENFORCEMENT - This is a guarantee of payment and not of collection. If the Customer fails to pay any Obligations to CBC when due, CBC may take action against the Guarantor without first taking action against the Customer or any other guarantor or other collateral for the Customer's Obligations. CBC shall not lose any rights it has against the Guarantor and this Guarantee shall remain in full force and effect even if CBC (i) partially or fully releases the Customer or another guarantor, or any other collateral for the Customer's Obligations (ii) delays or waives enforcement of any of the Obligations or of this Guarantee, (iii) modifies, amends, changes the manner, terms of, extends the time of payment of, renews or alters any of the Obligations, or if any agreement between the Customer and CBC is found to be invalid or unenforceable. No failure on the part of CBC to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right. The remedies provided herein are cumulative and not exclusive of any other remedies whether provided by agreement or by law.

6.   COLLATERAL-CBC'S RIGHTS AND OBLIGATIONS - If the Customer or the Guarantor gives CBC a security interest in collateral, Guarantor agrees that: (a) CBC may, but need not, perfect its security interest in any or all of the collateral; (b) CBC may release any security interest in any such collateral; (c) CBC may release and return to the Customer any collateral given by the Customer, and (d) CBC may take or refrain from taking any action permitted by law or by agreement with respect to the collateral, including its sale. In such event, this Guarantee will remain effective and the Guarantor shall remain responsible under this Guarantee to the same extent as if any of the above-enumerated circumstances did not occur.

7.   NOTICES - All notices and other communications pursuant to this Guarantee shall be in writing and by letter (delivered by hand or sent by certified or registered mail, return receipt requested, or by a reputable overnight courier service), addressed to the parties at the addresses set forth herein to such other address as the parties may, from time to time, furnish to each other in writing. Any notice or communication hereunder shall be deemed to have been given on the day delivered by hand or overnight courier to such party or, if sent by mail, on the third business day after the day deposited in the mail, postage prepaid, addressed as aforesaid.

8.   WAIVER OF RIGHT TO NOTICE - The Guarantor waives the right to receive notice:
     .of the failure of the Customer to meet any Obligation of the Customer to CBC when due;
     .of any default by the Customer under any agreement between the Customer and CBC;
     .of the breach by the Customer of any covenant, promise or warranty made by the Customer to CBC;
     .of the dishonor of any instrument which evidences an Obligation of the Customer to CBC;
     .of protest regarding any dishonor of any instrument payable by the Customer;
     .that CBC has extended the time for the payment of any Obligations of the Customer to CBC; and
     .of new Obligations of the Customer to CBC as and when they arise, or renewal by CBC of any existing Obligations.

9.   CREDIT REPORTS - The Guarantor agrees that CBC may request and obtain credit reports on Guarantor from any consumer reporting agency at any time while this Guarantee is in effect. If the Guarantor requests it, CBC will advise the Guarantor whether or not such a report has been obtained and, if so, the name and address of any agency that furnished any report.

2

2

10.   AMENDMENTS - This Guarantee constitutes the entire agreement between CBC and Guarantor, and cannot be amended or limited except in a writing signed by an officer of CBC.

11.   WAIVER OF JURY TRIAL - If a legal action is commenced relating to a dispute under this Guarantee or if CBC seeks to enforce this Guarantee by legal action, Guarantor agrees that the matter will be heard before and determined by a judge and not a jury.

12.   GOVERNING LAW - This Guarantee shall be governed by and construed in accordance with the laws of the State of New York applicable to agreements entered into therein.

13.   CONSENT TO JURISDICTION - Guarantor hereby irrevocably consents to the jurisdiction of the courts of the State of New York in New York County and of the United States District Court for the Southern District of New York in any action against the Guarantor in connection with this Guarantee.

14.   WAIVER OF SUBROGATION - Until the Obligations have been paid in full, Guarantor hereby irrevocably waives (1) any right of subrogation Guarantor has or may have as against Customer with respect to the Obligations, (2) any right to proceed against Customer, now or hereafter, for contribution, indemnity, reimbursement, and any other suretyship rights and claims, whether direct or indirect, liquidated or contingent, whether arising under express or implied contract, or operation of law, which Guarantor may now have or hereafter have as against the Customer with respect to the Obligations, (3) any rights to recourse to or with respect to the Obligations and (4) any rights to recourse to or with respect to any asset of Customer.

15.   CONSENT TO SALE, TRANSFER OR ASSIGNMENT - Guarantor hereby irrevocably consents to the sale, transfer or assignment of any or all of the Obligations which CBC may elect to make in the future and agrees to waive any defense which may otherwise be available to Guarantor based on such sale, transfer or assignment.

16.   ASSIGNABILITY; BINDING EFFECT - This Guarantee shall be binding upon the Guarantor and the Guarantor's heirs, legal representatives and assigns and shall inure to the benefit of CBC and its successors and assigns; provided, however, that the Guarantor shall not be entitled to assign or delegate any rights or obligations under this Guarantee without the prior written consent of CBC, and any purported assignment in the absence of such consent shall be void.

_____                _____
Signature of Guarantor                                       Bruce Raben
                                                                         Name of Guarantor

Address of Guarantor:   _1999 AVENUE OF THE STARS, #2340_
                                      _LOS ANGELES, CA 90067_

3

3

STATE OF _California_ )
                        ) SS.:
COUNTY OF _Los Angeles_ )

On the ___ day of _October_ , _2000_ , before me personally came _Earl Bruce Raben_ to me known to be the individual described in, and who executed, the foregoing instrument, before me, and he/she acknowledged to me that he/she executed same.

_Eileen M. Holz_
Notary Public

EILEEN M. HOLZ
Commission # 1225336
Notary Public - California
Los Angeles County
My Comm. Expires Jun 20, 2003

4

Exhibit B



# PROMISSORY NOTE

$2,000,000.00

New York, New York
October 17, 2000

FOR VALUE RECEIVED, the undersigned, HELLONETWORK.COM, INC., a Nevada corporation (the **"Borrower"**), hereby promises to pay to the order of CONNECTICUT BANK OF COMMERCE (the **"Bank"**) in accordance with the terms and conditions of the Credit Agreement dated as of the date hereof between the Borrower and the Bank (as amended, modified or supplemented from time to time the **"Agreement"**), the principal sum of TWO MILLION DOLLARS ($2,000,000.00) or such lesser amount as shall equal the aggregate unpaid principal amount of the Loans made by the Bank to the Borrower pursuant to the Agreement and to pay interest on the unpaid principal amount of each Loan from the date thereof at the rates per annum and for the periods set forth in or established by the Agreement and calculated as provided therein.

All indebtedness outstanding under this Note shall bear interest (computed in the same manner as interest on this Note prior to maturity) after maturity, whether at stated maturity, by acceleration or otherwise, at the Post-Default Rate (as defined in the Agreement), and all such interest shall be payable as provided in the Agreement.

To secure payment of this Note, the Borrower has granted to the Bank a security interest under the New York Uniform Commercial Code, and under the terms of that certain Security Agreement dated as of the date hereof executed by and between the Borrower and the Bank in all of the Collateral described therein. The security interest covers any and all proceeds and products of the Collateral.

Anything herein to the contrary notwithstanding, the obligation of the Borrower to make payments of interest shall be subject to the limitation that interest payments shall not be required to be made to the Bank to the extent that the Bank's charging thereof would not be permissible under the law or laws applicable to the Bank limiting rates of interest which may be charged or collected by the Bank. If at any time interest on the indebtedness evidenced hereby would otherwise exceed the highest lawful rate, only such highest lawful rate will be paid by the Borrower to the Bank. Should any amount be charged to the Borrower by the Bank in excess of such highest lawful amount, such excess shall be deemed to have been paid in reduction of the principal balance of the Loans.

Payment of both principal and interest on this Note shall be made at the office of the Bank at 90 Broad Street, New York, New York 10004, or such other place as the holder hereof shall designate to the Borrower in writing, in lawful money of the United States of America in immediately available funds.

This Note is the Note referred to in the Agreement, is secured in the manner provided therein, may be prepaid without penalty upon and is subject to the terms and conditions thereof and is entitled to the benefits thereof.

Upon the occurrence and during the continuance of any Event of Default, as defined in the Agreement, the principal amount of and all accrued interest on this Note may be immediately declared due and payable by the Bank in the manner and with the effect provided for in the Agreement.

The Borrower agrees to pay all costs and expenses of collection, including, without limitation, the reasonable attorneys' fees, costs and disbursements of the holder hereof, in the event that any action, suit or proceeding is brought by the holder hereof to collect on this Note.

IN WITNESS WHEREOF, the Borrower has executed this Promissory Note by its duly authorized officer on the date and year first above written.

HELLONETWORK.COM, INC.

By: _____
Name: CRAIG ELLINS
Title: PRESIDENT

Pay to the order of
LINC Acquisition One, LLC
Without Recourse

Federal Deposit Insurance Corporation
In its Corporate and/or Receivership Capacity

By: _____
Russell Key, Attorney-In-Fact

2